## HAWAIIAN TRUST CO., Limited, v. KANNE.

### Civ. No. 619.

District Court, Hawaii.
Nov. 20, 1947.

Anderson, Wrenn & Jenks, of Honolulu, Hawaii, for plaintiff.

Ray J. O'Brien, U. S. Atty., of Honolulu, Hawaii, and Leland T. Atherton, Sp. Asst. to the Atty. Gen., for defendant.

METZGER, District Judge.

Upon the record and evidence adduced in this case, the Court makes the following special findings of fact:

---

I. That the facts were stipulated and admitted into evidence except those facts stated in the supplementary stipulation relating to the life expectancy of Anna Adams Nott, Frederick Dickson K. Nott, Gretchen K. Nott, and Laura D. Sherman, which were not admitted in evidence, on the ground that such information was wholly immaterial in the case.

II. That Laura D. Sherman, before her death on June 11, 1947, and during the entire taxable years 1940 and 1941 involved herein, was a citizen of the United States of America and a resident of Honolulu, Territory of Hawaii. During the entire calendar years 1940 and 1941, Laura D. Sherman was married and living with her husband. In her Federal Income Tax Return for the taxable year 1940, Mrs. Sherman claimed a personal exemption of $2,000 and an earned income credit of $300. In her Federal Income Tax Return for the taxable year 1941, Mrs. Sherman claimed a personal exemption of $1,500 and an earned income credit of $300. All of said exemptions and credits were allowed.

III. On December 26, 1935, George Sherman, husband of Laura D. Sherman, executed an inter vivos, irrevocable trust, in which she and the Hawaiian Trust Company, Limited, a Hawaiian corporation, were designated as trustees, and it was provided therein that all of the net income derived from the trust estate should be paid to Laura D. Sherman during her lifetime.

IV. That during the calendar year 1940 the trustees of the aforesaid Sherman Trust actually paid to Laura D. Sherman the total sum of $6,332.42 of the net income of the trust estate. During the calendar year 1941, the said trustees actually paid to Laura D. Sherman the total sum of $7,598.98 of the net income of said trust estate.

V. Frederick Dickson Nott, son of Laura D. Sherman, was divorced from Anna Adams Nott by a decree of divorce entered on April 28, 1936, in divorce number 16,861 in the files of the Clerk of the Circuit Court, First Judicial Circuit, Territory of Hawaii. The decree ordered alimony of $100 per month for the divorced wife so long as she should remain unmarried, and in addition $75 per month each for the support and maintenance of Frederick Dickson K. Nott and Gretchen K. Nott, minor children of the said libellant and libellee, until the minors should have respectively attained their majorities. The custody of the children was awarded to Anna Adams Nott.

VI. By separate documents, each dated April 16, 1936, Laura D. Sherman made assignments of $100 per month to Anna Adams Nott until death or remarriage, whichever is earlier, and $75 per month for each of the minor children until the respective children's death or majority, whichever is earlier, out of the income to which Laura D. Sherman was entitled from the said trust.

The pertinent part of the assignment to Anna Adams Nott to cover monthly payments of $100 for her own use read as follows:

"Now Therefore the premises considered, the undersigned, Laura D. Sherman, hereinafter referred to as the assignor, does hereby assign, transfer and set over unto Anna Adams Nott, hereinafter referred to as the assignee, the sum of One Hundred Dollars ($100.00) a month from the income to which the assignor now is or shall be entitled to receive as life beneficiary under the terms and provisions of that certain unrecorded trust deed dated December 26, 1935, executed by George Sherman as settlor and the assignor and Hawaiian Trust Company, Limited, an Hawaiian corporation, as trustees, until the death or remarriage of the assignee whichever event shall first occur and upon the occurrence of either of said events this assignment shall become inoperative and shall be of no further force or effect.

"The Hawaiian Trust Company, Limited, co-trustee under said trust deed, is hereby empowered and directed to pay from the assignor's income, as aforesaid, the sum of One Hundred Dollars ($100.00) a month to the said assignee, the first of such payments to be made on the 1st day of May, 1936, and a like sum on the 1st day of each and every month thereafter until the death or remarriage of said assignee, whichever

event shall first occur, and upon the occurrence of either of such events of which said Hawaiian Trust Company, Limited shall have strict and exact proof, all payments shall cease and determine."

The pertinent part of the assignment to cover the payments of $75 per month for the support and maintenance of each of the minor children reads as follows:

"Now Therefore in consideration of the premises and of the promise of the assignee hereinafter contained the assignor does hereby assign, transfer and set over unto the assignee the sum of Seventy-Five Dollars ($75.00) a month from the income to which the assignor now is or shall be entitled to receive as life beneficiary under the terms and provisions of that certain unrecorded trust deed dated December 26, 1935, executed by George Sherman as settlor and the assignor and Hawaiian Trust Company, Limited, an Hawaiian corporation, as trustees, which sum is to be used by the assignee solely for the support, education and maintenance of said minor during his minority provided, however, and this assignment is upon this express condition, that upon the occurrence of any of the following events this assignment shall become inoperative and all payments authorized to be made herein shall cease and determine, such events being:

"(1) Upon the death of said minor or the assignee;

"(2) Upon the said minor attaining his majority under the laws of the jurisdiction in which said minor is then living;

"The Hawaiian Trust Company, Limited, co-trustee under said trust deed, is hereby empowered and directed to pay from the assignor's income, as aforesaid, the sum of Seventy-Five Dollars ($75.00) a month to the said assignee, the first of such payments to be made on the 1st day of May, 1936, and a like sum on the 1st day of each and every month thereafter until the occurrence of any one or more of the above mentioned events and upon the occurrence of any of such events (of which said Hawaiian Trust Company, Limited, shall have strict and exact proof) all payments shall cease and determine."

VII. The aforesaid assignments were made because Frederick Dickson Nott, son of taxpayer, did not have sufficient income himself to pay the amounts awarded in said decree of divorce and because Laura D. Sherman desired to assist him financially. The aforesaid assignments were not made for the purpose of avoidance of taxes.

VIII. On April 16, 1936, the date of the assignments, Frederick Dickson K. Nott was approximately ten years of age, Gretchen K. Nott was approximately nine years of age, Anna Adams Nott was approximately thirty-five years of age, and Laura D. Sherman was approximately sixty-seven years of age.

IX. Pursuant to the assignments, the trustees of the aforesaid Sherman Trust paid out of the net income of that trust to Anna Adams Nott the total sum of $1,200 during the calendar year 1940 and the total sum of $1,200 during the calendar year 1941 for her support, and paid out of the net income of that trust to Anna Adams Nott the total sum of $900 during the calendar year 1940 and the total sum of $900 during the calendar year 1941, for the support and maintenance of Frederick Dickson K. Nott, minor child of Anna Adams Nott; and said trustees paid out of the net income of said trust to Anna Adams Nott the total sum of $900 during the calendar year 1940 and the total sum of $900 during the calendar year 1941 for the support and maintenance of Gretchen K. Nott, minor child of Anna Adams Nott.

X. Anna Adams Nott, Frederick Dickson K. Nott and Gretchen K. Nott are presently surviving and reside in the State of Washington. These persons resided in Hawaii from prior to April 16, 1936, until December 5, 1941. On the latter date, they left Hawaii and proceeded to the State of Washington, where they arrived during the year 1942 and have resided there at all times since their arrival. Under the laws of the State of Washington, the age of majority is twenty-one years. Under the laws of the Territory of Hawaii, the age of majority is twenty years.

XI. On March 15, 1941, Laura D. Sherman filed with the Collector of In-

ternal Revenue for the Territory of Hawaii her Federal Income Tax Return for the calendar year 1940. She included in this return $9,332.40 representing the entire amount of the net income for the calendar year 1940 of the aforesaid Sherman Trust dated December 26, 1935, and reported in that return a taxable net income of $26,172.-86, and disclosed a tax liability of $4,274.57, which was paid in four installments to Collector Fred H. Kanne as follows:

| Date Paid | Amount Paid |
| --- | --- |
| March 15, 1941 | $1,068.65 |
| June 14, 1941 | 1,068.65 |
| September 12, 1941 | 1,068.64 |
| December 12, 1941 | 1,068.63 |
| | $4,274.57 |

XII. On March 16, 1942, Laura D. Sherman filed with the same Collector of Internal Revenue her Federal Income Tax Return for the calendar year 1941. In this return, Mrs. Sherman included $10,598.98 representing the entire amount of the net income for the calendar year 1941 of the aforesaid Sherman Trust dated December 26, 1935, and reported in that return a taxable net income of $21,200.98, and disclosed a tax liability of $6,046.15 which was paid in four installments to Collector Fred H. Kanne as follows:

| Date Paid | Amount Paid |
| --- | --- |
| March 16, 1942 | $1,511.54 |
| June 13, 1942 | 1,511.54 |
| September 14, 1942 | 1,511.54 |
| December 15, 1942 | 1,511.53 |
| Total | $6,046.15 |

XIII. Thereafter, on August 5, 1944, Mrs. Sherman paid to Collector Fred H. Kanne a deficiency of $90 in tax for the taxable year 1941, plus interest thereon of $12.91, or a total of $102.91, which is not involved in this controversy.

XIV. On March 14, 1944, Laura D. Sherman filed with the Collector of Internal Revenue at Honolulu, Hawaii, a claim for refund of $969.65, of the 1940 Federal Income Taxes paid by her and a claim for refund of $1,434.81 of the 1941 Federal Income Taxes paid by her. It was alleged in said claims for refund that Laura D. Sherman's distributive share of the aforesaid Sherman Trust of December 26, 1935, had been inadvertently overstated on the fiduciary return of the trustees in that trust by the sum of $3,000 with respect to each of the taxable years 1940 and 1941; that Laura D. Sherman was only entitled to and actually received $3,000 less than the distribution returned by the trustees as taxable to her; and Laura D. Sherman demanded an adjustment of her income for the years 1940 and 1941 by eliminating therefrom said $3,000 of overstated income. Both claims were disallowed by the Commissioner of Internal Revenue, and no amount has been refunded to Laura D. Sherman on account of said total sum of $2,404.46 claimed to be refundable with respect to the taxable years 1940 and 1941.

XV. That Fred H. Kanne was Collector of Internal Revenue of the United States of America for the District of Hawaii and a resident of Honolulu at all times from on or about August 1, 1933, until his death on December 24, 1946; that Agnes M. Kanne, the duly qualified and appointed Executrix of the Will and of the Estate of Fred H. Kanne, Deceased, was substituted as defendant in this cause by order of this Court on March 6, 1947.

Conclusions of Law

Upon the record and evidence adduced in this case, the Court makes the following conclusions of law:

I. The gifts of income conferred by the three respective assignments dated April 16, 1936, to Anna Adams Nott, Frederick Dickson K. Nott and Gretchen K. Nott, while substantial in amounts, were, respectively, upon the happening of any one of the conditions provided in said assignments, brought to an end and the respective assignment thereupon terminated.

II. Laura D. Sherman, the assignor, retained the entire reversionary interest in the income so assigned, which reversion, representing as it does a substantial economic interest in the Sherman Trust dated December 26, 1935, definitely requires the inclusion of the assigned income as part of the taxable gross income of the assignor under the provisions of Sec. 22(a) of the Internal

Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(a), and the applicable Treasury Regulations promulgated thereunder, and brings the taxability of such assigned income within the rationale of the Supreme Court's opinion in the case of Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055, and excludes it from the rationale of the Supreme Court's opinion in the case of Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, relied upon by the plaintiff herein.

III. The defendant is sustained in his objection to the admissibility in evidence of the data set out in paragraphs VIII, IX, X, and XI of the Supplementary Stipulation of Facts, respecting the life expectancies of the individuals named in said paragraph, on the ground that such information is immaterial for any purposes in this case.

IV. I conclude that judgment should be entered for the defendant, and the complaint herein dismissed, together with costs assessed against the plaintiff, and that a judgment order be entered accordingly.

Entry of judgment is hereby directed to be entered in conformity with the foregoing special findings of fact and conclusions of law.